# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DITECH FINANCIAL, LLC, etc.,

              Plaintiff,

vs.                                         Case No. 3:18-cv-909-J-32JBT

EDDIE A, WISDOM, et al.,

              Defendants.

## **ORDER**

This foreclosure action is before the Court on plaintiff Ditech Financial, LLC's motion to remand (Doc. 8) and pro se defendants Eddie A. Wisdom and Malon M. Wisdom's response thereto (Doc. 11). The Wisdoms removed the underlying state court case on July 26, 2018, invoking the Court's federal question jurisdiction (Doc. 1).[1] In their notice, they contend that the complaint alleges claims arising under the Real Estate Settlement Act, Dodd-Frank, Consumer Protection Act, and the Truth In Lending Act. The removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Thus, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

---

[1]The Wisdoms' notice of removal states it is filed pursuant to "§ 1441(B) (Federal Question)," but § 1441(b) relates to removal based on diversity jurisdiction, not federal question. The Wisdoms have not alleged that the parties are diverse (indeed, their attachments suggest that Ditech and the Wisdoms are all citizens of Florida). See also 28 U.S.C. § 1441(b)(2) (a case may not be removed based solely on diversity jurisdiction where the removing party is a citizen of the state in which the case is brought).

Even construing the Wisdoms' pleadings liberally,[2] Ditech's motion to remand is due to be granted for at least four reasons. First, the state court action (which was filed on May 11, 2010 and in which the Wisdoms were represented by counsel) essentially ended when the court entered a Final Consent Judgment of Foreclosure against the Wisdoms on April 19, 2016. See Doc. 5. Thus, while the foreclosure sale itself has yet to occur,[3] the underlying case has concluded and any effort by this court to revisit the state court's entry of judgment would violate the Rooker-Feldman doctrine. See, e.g., Bank of America, N.A. v. HoSang, No. 5:14-cv-574-Oc-32PRL, 2015 WL 3866987, *2 (M.D. Fla. June 23, 2015) (finding removal of case after state court entered judgment of foreclosure required remand based on Rooker-Feldman doctrine); see also US Bank Nat. Ass'n v. Deandrade, No. 6:12-cv-1054-Orl-28DAB, 2012 WL 4038440, *3 (M.D. Fla. Aug. 23, 2012) (recommending remand of case removed after entry of judgment of foreclosure because that adjudication left "nothing to remove"), 2012 WL 4009649 (M.D. Fla. Sept. 12, 2012) (order adopting Report and Recommendation). Second, while the Wisdoms cite a number of federal statutes or claims in their Notice of Removal, none of those emanate from the underlying complaint.

---

[2]See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (directing courts to hold the filings of pro se parties to a less stringent standard than pleadings drafted by lawyers) (quotation and citation omitted).

[3]The sale has been repeatedly cancelled due to the Wisdoms filing a series of bankruptcy petitions. On May 9, 2018, Judge Glenn entered an Order dismissing the Wisdoms' bankruptcy case with prejudice, enjoining them from filing further bankruptcy petitions for two years, and ordering that any filings by the debtors would not act as a bar to Ditech's pursuit of foreclosure against their property. See Doc. 8, Ex. B.

2

Rather, they seem to arise (if at all) out of correspondence the Wisdoms had in 2018.[4]  See, e.g., Madzimoyo v. The Bank of New York Mellon Trust Co., N.A., 440 F. App'x 728 (11th Cir. 2011) (holding district court lacked jurisdiction over removed state court foreclosure action notwithstanding that state court papers referenced homeowner's requests for loan information in accordance with federal law).  Third, to the extent there ever was a basis to remove this case (which the Court doubts), the removal notice is untimely as it was not filed within 30 days of service of a pleading which set forth a basis for removal.  See 28 U.S.C. § 1446(b).  And fourth, the removal statute requires that for removals under 28 U.S.C. § 1441(a), all joined and served defendants must join the petition for removal, but at least one other defendant-- the United States-- was served and participated as a defendant in the underlying action, yet did not join in the Wisdoms' petition.  See 28 U.S.C. § 1446(b)(2)(A); see also Russell Corp. v. Am. Home Assur., Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal.").

---

[4]Along with that correspondence, the Wisdoms included as an attachment to their notice of removal a completed U.S. Department of Justice Civil Rights Division "Complaint Form" that claims Ditech discriminated against them based on their race, but this is not the underlying complaint filed against them in state court.  If they have a basis to do so, the Wisdoms could pursue those allegations in a separate action, but it does not provide grounds to remove the underlying state court case to this federal court.  See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987) (explaining that, absent complete preemption, a federal defense does not normally create removal jurisdiction).

Accordingly, it is hereby

**ORDERED**:

Plaintiff Ditech Financial, LLC's Motion to Remand (Doc. 8) is **GRANTED**. This case is remanded to the Fourth Judicial Circuit Court, in and for Clay County, Florida. Following remand, the Clerk shall close this file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of November, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se parties

Clerk of Court, Fourth Judicial Circuit Court
in and for Clay County, Florida